Owen *v.* Bracket.

P. P. OWEN *v.* ADKINS BRACKET *et al.*

DIVORCE. *Homestead.* Sec. 2475 of the Code, providing "when a marriage is absolutely annulled, the parties shall several be at liberty to marry again, but a defendant who has been guilty of adultery shall not marry the person with whom the crime was committed during the life of the former husband or wife," is not against public policy; and where the husband, from whom the divorce was obtained on account of adultery, married the woman with whom the crime was committed during the lifetime of the first wife, the second wife is not entitled to homestead.

FROM M'MINN.

Appeal from the Chancery Court at Athens. W. M. BRADFORD, Ch.

W. L. HARBISON for complainant.

W. H. BRIANT for defendants.

TURNEY, J., delivered the opinion of the court.

"Where a marriage is absolutely annulled, the parties shall severally be at liberty to marry again; but a defendant who has been guilty of adultery, shall not marry the person with whom the crime was committed, during the life of the former husband or wife": Code, sec. 2475.

Adkins Bracket was divorced from his wife, Jane C., at her suit, because of his acts of adultery with Eliza Haney, whom he subsequently married, the first wife then and still living. After his second marriage

he conveyed a tract of land in trust to pay a debt to Owen. The land was sold. Now Bracket and Eliza claim homestead. The chancellor refused it— we think properly. The statute is plain, and has been the law of this State since 1835. We are unable to appreciate the argument that "the statute is opposed to public policy, is utterly void, and in violation of common sense and the propagation of the human race." We are of opinion it accords with public policy, is predicated of common sense, and tends to assure a decent propagation of the human race.

Affirmed.